# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

Casey, Appellant, *v.* United States Express Company.

*Negligence—Express company—Wagon—Street.*

In an action against an express company to recover damages for personal injuries, the evidence tended to show that at the time of the accident one of the defendant's wagons was standing in a street backed towards the baggage room of a railroad station. Between the end of the wagon and the baggage room was a well-defined footway, or sidewalk, about five feet wide, which had been used by the general public for many years, and in part at least was divided from the driveway by a curb. As the plaintiff passed between the wagon and the baggage room, the driver of the wagon, without any warning, started to back it, and plaintiff was caught and injured. *Held*, that the case was for the jury.

Argued Jan. 3, 1906. Appeal, No. 117, Jan. T., 1905, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1902, No. 2617, refusing to take off nonsuit in case of William J. Casey, a minor, by his next friend, Harris N. Street, v. United States Express Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before McMICHAEL, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*William F. Brennan*, with him *Horace M. Rumsey*, for appellant, cited: Cohen v. R. R. Co., 211 Pa. 227 ; Com. v. Llew-

ellyn, 14 Pa. Superior Ct. 214 ; Godino v. Kane, 26 Pa. Superior Ct. 596 ; Metzler v. Ry. Co., 28 Pa. Superior Ct. 180 ; Coolbroth v. R. R. Co., 209 Pa. 433 ; Ry. Co. v. Fielding, 48 Pa. 320 ; Kehler v. Schwenk, 144 Pa. 348 ; Rachmel v. Clark, 205 Pa. 314 ; Fetterman v. Rush Twp., 28 Pa. Superior Ct. 77 ; Streitfeld v. Shoemaker, 185 Pa. 265 ; McCloskey v. Ice Co., 174 Pa. 34 ; Russell v. Westmoreland County, 26 Pa. Superior Ct. 425 ; Biddle v. Ry. Co., 112 Pa. 551 ; Chambers v. Carroll, 199 Pa. 371.

*Lester B. Johnson*, with him *John F. Keator*, for appellee, cited : Weiss v. South Bethlehem Borough, 136 Pa. 294 ; B. & O. R. R. Co. v. Schwindling, 101 Pa. 258 ; Phila. & Reading R. R. Co. v. Spearen, 47 Pa. 300 ; Gillis v. Penna. R. R. Co., 59 Pa. 129 ; Young v. Omnibus Co., 180 Pa. 75.

OPINION BY MR. JUSTICE POTTER, February 5, 1906 :

In entering judgment of involuntary nonsuit in this case the trial judge rested it, in the first place, upon his conclusion that there was no sufficient evidence that the place where the accident happened was a public street. But the record shows that there was considerable testimony that the place had been used for many years as a public highway, and that a portion of it, upon which the plaintiff was walking at the time, was well defined as a footway or sidewalk, and that, in part at least, it was divided from the driveway by a curb and a depression in the surface of the ground. It was not necessary for the plaintiff to prove that the street had been formally dedicated to public use, or that it had been accepted as such by the municipal authorities. There was evidence, which, if believed by the jury, would have justified a finding that for a long period of time the general public had been in the habit of passing to and fro on this street, and along the pathway at the side, without question or hindrance from anyone. We cannot, therefore, agree, that there is no sufficient evidence that the accident occurred upon a public street. Neither do we think that, as a matter of law, it can be said that the plaintiff was clearly guilty of contributory negligence in attempting to pass along the footpath, between the rear end of the wagon and the wall of the building. His testimony is, that as he approached the

point the wagon was standing still, with a space of nearly five feet in width left for him to pass through. He says the driver and his helper were both in the wagon, and that they were talking to each other, and no warning was given to the plaintiff of any intention to back the wagon up against the building. But, just as the plaintiff was passing the rear end of the wagon, and was between it and the wall, the driver, without looking around to see if anyone was in danger, and without taking any precaution, suddenly backed the horses, and forced the rear end of the wagon across the line of the footpath and up close to the door of the baggage room, catching and injuring the plaintiff. The simplest precaution upon the part of the driver, by the mere turning of his head to look before backing up, would have avoided the accident, and the evidence as to his action in this respect fairly raises a question of negligence which was for the jury to determine. So also was the conduct of the plaintiff in passing behind the wagon. If it was standing still as he approached, and there was no sign of any intention upon the part of the driver to back up, it would be difficult to justify any inference of contributory negligence upon his part. Under the evidence as a whole we think that in this case the questions of negligence and contributory negligence should have been, under proper instructions from the court, submitted to the jury.

The judgment is reversed with a procedendo.